In re Alan D. MORGAN and Pamela T. Morgan, Debtors.

UNITED STATES of America on Behalf of the INTERNAL REVENUE SERVICE, Appellant,

v.

Alan D. MORGAN and Pamela D. Morgan, Appellees.

Civil Action No. 95–135.

United States District Court, E.D. Kentucky, at Lexington.

Feb. 7, 1996.

---

Stephen Palmer, Lexington, KY, Jonathan L. Gay, McDonald, Walther & Roark, Lexington, KY, James O. Springate, Versailles, KY, for Alan D. Morgan, Pamela T. Morgan.

David E. Middleton, U.S. Attorney's Office, Lexington, KY, Charles H. Keen, U.S. Department of Justice, Tax Division, Washington, DC, for U.S. on Behalf of IRS.

Stephen Palmer, Trustee, Lexington, KY, pro se.

Jonathan L. Gay, McDonald, Walther & Roark, Lexington, KY, for Stephen Palmer.

### *MEMORANDUM OPINION AND ORDER*

WILHOIT, District Judge.

This matter is before the Court on appeal from an Order of the United States Bankruptcy Court pursuant to 28 U.S.C. § 158.

### I.

### FACTUAL AND PROCEDURAL BACKGROUND

On April 15, 1994, Appellees Alan and Pamela Morgan, filed a Chapter 7 Petition in Bankruptcy. On or about May 6, 1994, Appellant the United States Internal Revenue Service setoff the Appellees' 1993 federal income tax *refund* in the amount of $1,316.00 against their 1992 income tax *liability* in the amount of $4,444.68. On August 11, 1994, the Trustee in Bankruptcy filed a Complaint to compel the government to turn over the amount of the refund claiming the government had failed to secure relief from the automatic stay imposed by 11 U.S.C. § 362. On December 15, 1994, the United States filed a motion for retroactive relief from the automatic stay.

On January 18, 1995, the United States Bankruptcy Court held a hearing on the United States' motion for relief from the stay. On February 2, 1995, the Bankruptcy Court entered an Memorandum Opinion and Order overruling the United States' motion for retroactive relief. It is from this ruling that the United States appeals.

After reviewing the parties' appellate briefs, the Court heard oral arguments on the issues presented by the appeal on December 19, 1995. Appearing for the Appellant United States of America was Mr. Charles Keen of the Internal Revenue Service. Arguing on behalf of the Appellees were the Trustee for the Bankruptcy Estate Steven Palmer and co-counsel John Gay. Following oral arguments of counsel the matter was submitted to the Court for ruling.

### II.

### RULING OF THE BANKRUPTCY COURT

In the United States Bankruptcy Court's Memorandum Opinion and Order, Judge Joseph Lee denied the government's motion for an Order retroactively annulling the stay imposed by 11 U.S.C. § 362 to allow the United States to setoff a tax refund against a claim of the United States for 1992 income taxes owed. The Court based its reasoning on Section 724 of Chapter 11 of the United States Bankruptcy Code.

It was uncontested before the Bankruptcy Court that the claim of the Appellees for a refund and the claim of the I.R.S. for taxes owed arose as of December 31, 1993, and thus were properly characterized as mutual

pre-petition debts.[1] In its Opinion, the Court acknowledged the right of the Internal Revenue Service as a creditor to offset a mutual debt owing in such circumstances. However, in applying 11 U.S.C. § 724(b), Judge Lee found that the right to setoff was subordinated to the Appellees' claim for payment of administrative expenses of the estate. Specifically Judge Lee held:

> In view of the fact the allowed tax claim of the United States secured by the lien in this instance is subordinated by section 724(b) of the Bankruptcy Code to the administrative expense claims of the trustee and the attorney for the trustee, the court finds the motion of the United States of America, Internal Revenue Service, for relief from stay should be denied.

Memorandum Opinion of Judge Joseph Lee, February 2, 1995.

## III.

### STANDARD OF REVIEW AND APPLICABLE LAW

■ The facts in the case at bar are not in dispute. Rather, this appeal involves a pure question of law. While this Court reviews the Bankruptcy Court's findings of fact under the "clearly erroneous" standard, it reviews the Bankruptcy Court's conclusions of law *de novo*. *Ciba–Geigy Corp. v. Flo–Lizer, Inc.*, 946 F.2d 1237, 1240 (6th Cir.1991). The following provisions of the United States Bankruptcy Code are relevant to the appeal before this Court.

#### A. 11 U.S.C. § 553 Setoff.

11 U.S.C. § 553 provides for a right to setoff as follows:

> Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor which arose before the commencement of the case under this title against a claim of such credi-

tor against the debtor that arose before the commencement of the case.

11 U.S.C. § 553.

#### B. 11 U.S.C. § 362 Automatic Stay.

■ 11 U.S.C. § 362 allows the filing of a Petition in Bankruptcy to automatically stay or freeze various actions by creditors against assets of the estate including a stay of "the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor." 11 U.S.C. § 362(a)(7). For this reason a party seeking to setoff a mutual pre-petition debt as permitted by 11 U.S.C. 553 must secure a lifting of the automatic stay.

#### C. 11 U.S.A. § 506 Determination of secured status.

A creditor's claim which is subject to setoff is considered a secured claim as set forth in 11 U.S.C. § 506:

> An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to set off . . .

11 U.S.C. § 506.

#### D. 11 U.S.C. § 724(b) Treatment of certain liens.

The holding of the Bankruptcy Court hinged on Judge Lee's interpretation of 11 U.S.C. § 724(b) which reads:

> Property in which the estate has an interest and that is subject to a lien that is not avoidable under this title and that secures an allowed claim for a tax, or proceeds of such property, shall be distributed
>
> (1) first, to any holder of an allowed claim secured by a lien that is not avoidable under this title and that secures an allowed claim secured by a lien in such property that is it avoidable under this title and that is senior to such tax lien;

---

1. Although the debtors as taxpayers were not due to file a tax return for 1992 until April 15, 1993, the right to the refund under Kentucky law ac-

crues at the end of the taxable year, in this case December 31, 1992.

(2) second to any holder of a claim of a kind specified in section 507(a)(1), 507(a)(2), 507(a)(3), 507(a)(4), 507(a)(5), 507(a)(6), 507(a)(7) of this title, to the extent of the amount of such allowed tax claim that is secured by such tax lien;

(3) third, to the holder of such tax lien, to any extent that such holder's allowed tax claim that is secured by such tax lien exceed any amount distributed under paragraph (2) of this subsection.

11 U.S.C. § 724(b).

## IV.

### ANALYSIS

This is a Chapter 7 bankruptcy action in which the only assets of the estate to be administered by the Trustee were federal and state tax refunds. In fact, the monetary amount at issue in this case is negligible.[2] The importance of this case lies in the interpretation and application of the above-stated provisions of law.

The Internal Revenue Service obtained its status as a secured creditor in this case by owing the Appellees a refund and being owed taxes on the date they filed bankruptcy which gives rise to a statutory right to setoff. At issue in this case is whether 11 U.S.C. § 553 prohibits the Bankruptcy Court from using 11 U.S.C. § 724, Congress' provision for administering payment for the administration of the bankruptcy estate, as a reason to deny the statutorily preserved prepetition offset.

The United States argues on appeal that the reasoning of the United States Bankruptcy Court is in error on the basis that: (1) Section 724 does not apply and/or (2) that Section 724 was incorrectly applied to the case at bar. The government argues that the plain language of Section 553 which begins "unless otherwise provided in 362 and 363, this title does not affect the right of a creditor to offset a mutual debt owing by such creditor … that arose before the commencement of the case under this title …

before the commencement of the case", prohibits the Bankruptcy Court from applying Section 724 as a reason to deny a setoff. Although Section 724 allows for particular distribution of the estate including a primary concern for compensation of the Trustee, the government contends the provision for offset comes into play prior to an application of Section 724.

In addition, and/or in the alternative, the government argues that 724(b) only applies to property in which the estate has an "interest." Due to the Internal Revenue Service's prior right to setoff, the United States maintains that the Appellee's refund never became part of the bankruptcy estate. Finally, the government states that 11 U.S.C. § 724 applies technically only to property that is "subject to a lien that is not avoidable under this title …" making 724 inapplicable to the case at bar.

Appellees argue that the I.R.S. should be required to play by the same rules as all other creditors and request timely relief from the Section 362 stay *before* proceeding to setoff. Appellees further state that Section 553 does not permit a setoff as a matter of right, but rather allows the Bankruptcy Court to review the "equity" of any proposed setoff in considering when and if to lift the automatic stay. Appellees contend that under the broad purpose of 541(d) the tax refund due must be considered property of the estate.

The Appellees' contention that the protections afforded to the I.R.S. through setoffs requires obtaining relief from the automatic stay is uncontested. When the Appellant was questioned by the Court why the government delayed in requesting a relief from the stay until after the setoff, Mr. Keen, counsel for the Appellant, was unable to provide a satisfactory explanation except to state that the delay was "inadvertent" and "not willful". The Court is concerned that the government failed to follow the normal channels of first obtaining a relief from the stay and then commencing with setoff and instead

---

**2.** During oral arguments, the I.R.S. characterized this case as a "no asset settlement". The total assets in the estate at the time of bankruptcy were $1,316.00 owing from the I.R.S. and approximately $354.00 in refunds from the state revenue cabinet. Debts of the estate exceeded $30,000.00.

proceeded to exercise its right to setoff as an initial matter and later seeking a retroactive stay. However, by the same token the Appellees' counsel was unable to convince the Court that the penalty was the result of anything but inadvertent delay. It is clear to the Court that in light of the substantial debts owing by the Appellees and the relatively small credit held by the I.R.S. that the actions of the I.R.S. had little or no effect on the Appellees' decision to declare bankruptcy. The Appellees admitted that had the I.R.S. come in promptly upon learning of the bankruptcy and requested a lifting of the stay, they would have no argument with the resulting setoff.

## V.

### CONCLUSION

Although the Court cannot condone the failure of the United States to timely seek an exemption from the automatic stay before setting off, the Court is unconvinced that equity commands that the I.R.S. forfeit the setoff that it would otherwise be entitled to under 11 U.S.C. § 553. Where a tax refund is the sole asset in the estate, the primary prejudice which would be caused by any such delay, separate from the need of the Trustee to hire counsel, would be to the I.R.S. Were the I.R.S. substituted with a regular creditor, the Court is unconvinced that similar oversight would result in a forfeiture of funds as it did in this case, and thus finds that no principles of equity would mandate the result reached by the Bankruptcy Court in this case.

Accordingly,

**IT IS HEREBY ORDERED AND ADJUDGED:**

(1) that the ruling of the United States Bankruptcy Court is **REVERSED,**

(2) that the automatic stay should have been lifted in order that the tax refund owed by the Internal Revenue Service to the Appellees could have been offset against their tax indebtedness,

(3) that this action is **REMANDED** to the United States Bankruptcy Court for findings consistent with this Opinion,

(4) that this is a final Order.